## KNOWLTON et al. v. CULVER et al.

1. COUNTY—DIVISION OF.—The act organizing La Fayette county, on the 1st of May, 1847, out of a part of Iowa county, providing for the removal to the former county of all the causes and suits depending and undetermined in the county of Iowa, upon appeal or otherwise, at the time of such organization, and wherein the defendant shall file an affidavit in the district court of Iowa county, of his residence in La Fayette county, is limited to suits pending and undetermined in the district court, and does not apply to suits before justices of the peace.

(1 *Chand.* 25.)

ERROR to the late District Court for *La Fayette* County.

This was an action of replevin before a justice of the peace, and was appealed to and tried before the district court.

The decision of this court is based upon a question of jurisdiction ; and the merits were in no sense involved, so as to require a statement of them here.

This is one of a series of cases between the same parties, but involving somewhat different points and propositions.

*J. H. Knowlton*, for plaintiff in error.

*Culver*, for defendant in error.

LARRABEE, J.   The only question in this cause is one of jurisdiction.   The county of La Fayette was formed out of a portion of Iowa county, and fully organized on the 1st day of May, 1847.   The act organizing the county provides that all the suits and causes pending and undetermined in the county of Iowa, upon appeal or otherwise, at the time of organization, in which the defendant shall file an affidavit in the district court of Iowa county, of residence in La Fayette county, shall be certified to the district court of the last named county.

This provision is evidently limited to suits in the district court, and cannot include suits "pending and undetermined" before justices of the peace.   Those officers were continued in office upon the division of the county, as officers of the county in which they resided at the time ; and, in the absence of a contrary provision, suits before them would be prosecuted as if no division had taken place ; if "determined," they could be removed to the district court of the "same county," as provided by statute.   It certainly could not have been intended by the act of organization to authorize the removal of suits pending before justices, to the district court of La Fayette county, by the circuitous process of first bringing the cause to Iowa county, and filing an affidavit in the district court, and then have them certified to the district court of La Fayette county.

But this cause was determined before the justice on the 14th of April, and the plaintiff had the right, undoubtedly, at any time before the 1st day of May, to remove this cause by *certiorari* to the district court of Iowa county.   Had he done so, and the defendant came within the provision, the

cause might have been afterwards removed to La Fayette. But after that date, though his right of *certiorari* remained, the cause being determined before a justice of a different county, no writ could reach it from the county of Iowa. The cause was then within the jurisdiction of the district court of La Fayette county.

We think, therefore, that the court below erred in dismissing this cause. Judgment must be reversed, and the cause remanded to the La Fayette county circuit court for the further action of that court.

Judgment reversed.